UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ANN LUCAS, )
As Parent and Next Friend of )
W.L. and In Her )
Individual Capacity, )
)
                Plaintiff, )
)
v. )      **Demand for Jury Trial**
)
RODNEY KING, In His Official
And Individual Capacities, DAVID
STROUSE, In His Official and     **1:12-cv-1249 SEB-DKL**
Individual Capacities, IRIS RAMP, In Her
Individual Capacity, DARCI
KOVACICH, In Her Individual )
Capacity and GREENSBURG )
COMMUNITY SCHOOL )
CORPORATION, )
)
                Defendants )

## COMPLAINT

Plaintiff, by counsel and for her Complaint against Defendants, alleges:

### ALLEGATIONS COMMON TO ALL COUNTS

1. At all relevant times Defendant Rodney King was acting under color of state law as principal of Greensburg Community Junior High School ("the School").

2. At all relevant times Defendant David Strouse was acting under color of state law as assistant principal of the School.

3. At all relevant times Defendant Iris Ramp was acting under color of state law as an agent or employee of Greensburg Community School Corporation ("the District"). The District's principal office is located in Decatur County, Indiana.

4. At all relevant times Defendant Darci Kovacich was acting under color of state law as an agent or employee of the District.

5. At all relevant times the District owned, operated, staffed and maintained the School.

6. The District operates educational programs or activities, including the School, which receive federal financial assistance.

7. At all relevant times, W.L. was a minor and the son of Plaintiff Ann Lucas. W.L. was enrolled in and attended the School. He was of mixed ethnicity and suffered from emotional and learning disabilities, including attention deficit hyperactivity disorder (ADHD). Because of his disabilities, W.L. was eligible for special education services through the District and had an individualized education program (IEP).

8. W.L. was perceived by his student peers and teachers, staff and administrators at the School (including but not limited to King, Strouse, Ramp and Kovacich) as "different." This perception arose from a combination of factors including his ethnicity and behavioral manifestations of his emotional and learning disabilities. Among other things, some people at the School believed that W.L. was a homosexual, or at least that his behavior or appearance did not conform to traditional male stereotypes.

9. Because of this perception of his sexual orientation, W.L. was subjected to relentless harassment, ridicule and bullying at the School (and other schools in the District) during school hours over a period of several years. This ranged in severity from teasing and name-calling to physical pushing, hitting and kicking. It occurred on property owned or controlled by the District. In many instances, the bullying occurred in the presence of employees or agents of the District, including but not limited to one or more of the individual Defendants.

10. W.L. had a right to be free from sexual harassment and discrimination based on sexual orientation while in any educational program or activity that receives federal financial assistance.

11. As a direct and proximate result of the bullying which W.L. experienced at the School, on September 9, 2010 W.L. committed suicide.

12. This Court has subject matter jurisdiction under 28 U.S.C. §1331.

13. Venue is proper in this district under 28 U.S.C. §1391(b).

## COUNT I

## TITLE IX—

## GREENSBURG COMMUNITY SCHOOL CORPORATION

14. Plaintiff incorporates her prior allegations as if fully set forth herein.

15. Plaintiff asserts her Title IX claim in her capacity as W.L.'s next friend against the District only.

16. The District, through its agents King, Strouse, Ramp and Kovacich, had actual knowledge that W.L. was being subjected to sexual harassment and bullying by

other students at the School. The students who harassed W.L. were subject to the District's disciplinary authority.

17. The District's failure to investigate the harassment of W.L. and failure to take disciplinary action against the perpetrators evinces a deliberate indifference to the peer-on-peer sexual harassment being perpetrated against W.L.

18. The harassment was so severe, pervasive and offensive that it deprived W.L. of access to educational opportunities or benefits provided by the District in violation of the Education Amendments Act of 1972, as amended, 20 U.S.C. § 1680 et seq. ("Title IX").

19. Despite its actual knowledge, the District was deliberately indifferent to the harassment which W.L. was being subjected to at the School.

20. The District's deliberate indifference, failure to investigate the harassment of W.L. and failure to take disciplinary action against the perpetrators made W.L. more vulnerable to harassment at the School and/or caused W.L. to be subjected to harassment.

## COUNT II

## EQUAL PROTECTION—

## KING, STROUSE, RAMP AND KOVACICH

21. Plaintiff incorporates her prior allegations as if fully set forth herein.

22. W.L. belonged to three definable classes: disability, ethnicity and his perceived sexual orientation.

23. Defendants King and Strouse knew or should have known that failure to take reasonable measures to prevent W.L. from being subjected to harassment violated W.L.'s equal protection rights.

24. King and Strouse had actual knowledge that W.L. was being harassed but turned a blind eye to the harassment. At one point King told W.L., "If someone beat you up, I wouldn't know whether to give him an award or suspend him."

25. King and Strouse had the authority to address the harassment being perpetrated against W.L. and to take corrective measures on the District's behalf.

26. Defendants Ramp and Kovacich, acting under color of state law, discriminated against W.L. because of his membership in these classes. This discrimination was not rationally related to a legitimate state interest.

27. Ramp and Kovacich witnessed students harassing and bullying W.L. on multiple occasions yet did nothing to prevent or stop it. In fact, Ramp and Kovacich not only ignored the harassment of W.L. by other students at the School, but in some cases encouraged and even actively participated in the harassment of W.L. themselves.

28. Ramp and Kovacich verbally insulted, ridiculed and abused W.L. in front of his peers on multiple occasions.

29. On at least one occasion, Kovacich confined W.L. to a "work room" (basically a closet) for what she considered punishment for alleged misbehavior. These and other affirmative acts by Ramp and Kovacich created or increased the risk of harm to W.L.

30. W.L. was discriminated against by Ramp and Kovacich because of his sexual orientation and/or ethnicity. Such discrimination deprived W.L. of the equal protection of the law.

31. The individual Defendants' conduct violated W.L.'s clearly established constitutional rights; namely, W.L.'s right to equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

32. The individual Defendants knew or should have known that the failure to take reasonable measures to prevent W.L. from being harassed at the School violated W.L.'s equal protection rights.

33. The individual Defendants' conscious failure to prevent peer-on-peer sexual orientation harassment and bullying of W.L. amounts to intentional discrimination.

34. The individual Defendants were deliberately indifferent to W.L.'s clearly established right to attend public school without being bullied, sexually harassed or intimidated.

35. Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to compensatory relief for the discrimination perpetrated against W.L. by King, Strouse, Ramp and Kovacich.

## COUNT III

## WRONGFUL DEATH—

## GREENSBURG COMMUNITY SCHOOL CORPORATION

36. Plaintiff incorporates her prior allegations as if fully set forth herein.

37. There is a history of student-on-student bullying in the District.

38. The District knew or should have known the nature and extent of the bullying which was occurring in schools operated by it.

39. The District knew or should have known that W.L. was being bullied at schools operated by it, including the School.

40. The District knew or should have known that W.L. was at risk for self-injury or suicide.

41. The District had a duty to exercise reasonable care for the safety of its students, including W.L.

42. The District failed to take reasonable measures to prevent W.L. from being subjected to bullying when he was at school or a school-sponsored activity. This failure directly and proximately increased the risk of harm to W.L.

43. As a direct and proximate result of the District's negligence, W.L. committed suicide.

44. Plaintiff has sustained damages arising from W.L.'s death.

### RELIEF SOUGHT

Plaintiff respectfully requests the following relief:

1. Judgment in her favor and against Defendants.
2. Compensatory damages in an amount to be proven at trial.
3. Punitive damages in an amount sufficient to punish Defendants and deter future similar conduct.
4. Reasonable attorney fees and litigation expenses.
5. Costs of this action.

6. All other relief reasonable in the premises.

Respectfully submitted,

Thomas W. Blessing (15696-49)
*Attorneys for Plaintiff*

FRAZIER LAW FIRM
612 E. Market Street
Indianapolis IN  46202
Telephone:  (317) 916-9999
Fax:  (317) 917-7730
E-Mail:  tom@frazierattorneys.com